# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD MACNEIL, *Plaintiff*, v. AM GENERAL LLC, *Defendant*. | Civil Action No. **NOTICE OF REMOVAL** |

### TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

AM General LLC ("AM General"), by its attorneys, CORNELL & GOLLUB, files this Notice of Removal of the above-captioned action from the Middlesex County Superior Court of the Commonwealth of Massachusetts pursuant to 28 U.S.C. §§ 1331, 1442(a)(1), and 1446. Removal to this Court is appropriate under the federal officer removal statute and because Plaintiff's claims involve a federal question. The grounds for removal are more particularly stated as follows:

**I.   BACKGROUND**

1. AM General asserts grounds to support removal pursuant to 28 U.S.C. §§ 1331, 1442(a)(1), and 1446.

2. On May 3, 2019, Plaintiff filed a complaint in the Middlesex County Superior Court captioned *Ronald MacNeil v. AM General LLC*, Civil Docket No. 19-1261, against AM General arising out Plaintiff's alleged exposure to asbestos and claimed diagnosis of mesothelioma. Plaintiff did not serve AM General until May 24, 2019.  *See* Complaint (attached hereto as Exhibit A).

3. A copy of all process, pleadings and orders served upon the defendant is attached as Exhibits 1-5, and includes the following: Plaintiff's Summons, Complaint, Civil Action Cover Sheet, and Tracking Order (Exhibit 1); Plaintiff's Disclosure Form (Exhibit 2); Plaintiff's Answers to Defendant's Revised Standard Interrogatories (Exhibit 3); Plaintiff's Responses to Defendant's Revised Standard Requests for Production of Documents (Exhibit 4); Plaintiff's First Requests for Production of Documents to Defendant, AM General LLC (Exhibit 5); Plaintiff's First Set of Interrogatories to Defendant, AM General LLC (Exhibit 6); and Plaintiff's Notice of Taking Deposition Under M.R.C.P. 30(b)(6) (Exhibit 7).

4. Plaintiff's Complaint alleges that Ronald MacNeil was exposed to asbestos while serving as a mechanic in the National Guard from approximately 1983 to 1985. Complaint, Ex. 1, at ¶4. Plaintiff claims that AM General is responsible for the manufacture, sale, distribution or installation of the asbestos Plaintiff claims to have been exposed to. Complaint, Ex. 1, generally.

5. Plaintiff testified in deposition that he was exposed to asbestos from his work in the National Guard on Jeeps, 2 1/2-ton military trucks, and 5-ton military trucks, some of which he believed were AM General vehicles.

6. Based upon the allegations in the Complaint, and the plaintiff's deposition testimony, the only possible connection to an AM General product would have been plaintiff's alleged exposure to military vehicles AM General assembled for the U.S. Army during the time Mr. MacNeil was in the National Guard.

7. Plaintiff asserts broad product liability claims against AM General, including claims for negligence and breach of express and implied warranties. The Complaint seeks to implicate AM General for conduct under color of a federal officer and for which it is immune from suit under the defenses described in this Notice.

## II. GROUNDS FOR REMOVAL: FEDERAL QUESTION JURISDICTION – FEDERAL OFFICER REMOVAL

8.  AM General may remove this case to this Court on the grounds of federal officer removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).

9.  Jurisdiction under 28 U.S.C. § 1442 may be invoked unilaterally by any defendant. *See Durham v. Lockheed Martin Corporation*, 445 F.3d 1247, 1253 (9th Cir. 2006); see also *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1030, 1315 (9th Cir. 1981).

10.  A defendant may invoke this Court's jurisdiction where it demonstrates that it is: (1) a "person" within the meaning of the statute; (2) "acting under the United States, its agencies, or its officers"; (3) defending a suit "for or relating to any act under color of such office"; and (4) asserting a "colorable federal defense" to liability. 28 U.S.C. § 1442(a)(1); see *Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 812 (3d Cir. 2016); *Durham* 445 F.3d at 1251; *see also Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1429 (11th Cir. 1996); *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180-1181 (7th Cir. 2012).

11.  The Supreme Court has mandated a generous interpretation of the federal officer removal statute in favor of removal. *Ellis v. Pneumo Abex Corp.*, 798 F. Supp.2d 985, 989 (C.D.Ill. 2011); *Ruppel*, 701 F.3d at 1180 (the federal officer removal status is not narrow or limited); *Willingham v. Morgan*, 395 U.S. 402, 406-407 (1969); see also *Jefferson County, Alabama v. Acker*, 527 U.S. 423, 431 (1999) (noting that the Supreme Court has "rejected a 'narrow, grudging interpretation' of the [federal officer removal] statute.").

12.  At all relevant times, AM General was a "person(s)" within the meaning of 28 U.S.C. § 1442(a)(1). *Ruppel*, 701 F.3d at 1181 (finding that a corporate defendant was a "person"); *see also Papp*, 842 F.3d at 812; *Fung v. Abex Corp.*, 816 F.Supp. 569, 572 (N.D.Cal. 1992).

13. AM General, if it is deemed to be a proper party, is entitled to rely on the federal officer removal statute because AM General: (1) was acting under the direction of a federal officer or agency; (2) has colorable federal defenses arising out of its duties to the federal government; and (3) will demonstrate that there is a causal connection between the acts it performed under color of federal office and Plaintiff's allegations in the present case. *See Mesa v. California*, 489 U.S. 121,127, 129, 131-32 (1989).

14. Moreover, Plaintiff's claims against AM General center on the company's actions under color of federal authority. The government contractor defense provides that a government contractor's duties are displaced when the government exercises a "discretionary function" over the design of a product. *See Boyle v. United Tech. Corp.*, 487 U.S. 500, 512 (1988).

15. Since 1964, AM General has produced more than 300,000 vehicles manufactured for the United States Department of Defense and the United States military, including trucks for the Department of the Army. These vehicles, and each of their component parts, are designed and built in accordance with United States military specifications. At various times during the course of its existence, AM General produced Jeeps, 2-1/2 ton and 5-ton military trucks, like the ones identified in this case, pursuant to precise military specifications for the United States Army.

16. Plaintiff's claims against AM General purportedly arise out of Mr. MacNeil's alleged exposure to asbestos from vehicles that AM General assembled and supplied to the United States Army pursuant to the United States' precise specifications and under the direction and control of the Secretaries of the Departments of Defense and the United States Army. Any decision regarding the design and engineering of such military vehicles was under the full control and discretion of the United States Government.

17. Removal is appropriate under Section 1442(a)(1) where the "defendant identifies facts which, viewed in the light most favorable to the defendant, entitle him or her to a complete defense." *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 778 (E.D. Pa. 2010).

18. "Section 1442(a) is an exception to the well-pleaded complaint rule, under which (absent diversity) a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law. . . . Unlike the general removal statute, the federal officer removal statute is to be 'broadly construed' in favor of a federal forum." *Papp*, 842 F.3d at 811 (citations omitted); *see also Jefferson County v. Acker*, 527 U.S. 423, 431 (1999) (noting that the Supreme Court has "rejected a 'narrow, grudging interpretation' of the [federal officer removal] statute").

19. AM General, if it is deemed to be a proper party, is entitled to rely on the government contractor defense, which derives from the principle of sovereign immunity. This defense has also been described as derivative sovereign immunity. This defense is uniquely federal in nature and thus displaces state law and is governed by federal common law. *Boyle*, 487 U.S. at 505 and 505 n.1 ("Another area that we have found to be of peculiarly federal concern, warranting the displacement of state law, is the civil liability of federal officials for actions taken in the course of their duty. We have held in many contexts that the scope of that liability is controlled by federal law. . . . [T]he liability of independent contractors performing work for the Federal Government, like the liability of federal officials, is an area of uniquely federal interest"); *Yearsly v. W.A. Ross Constr. Co.*, 309 U.S. 18, 20-21 (1940); *see also Zinck v. ITT Corp.*, 690 F. Supp. 1331, 1333 (S.D.N.Y. 1988) ("When a contractor acts under the authority and direction of the United States, it shares in the immunity enjoyed by the Government. . . . The application of this principle in a military context is even more sound because the government contractor defense serves not only

the historic purpose, but it promotes and protects both the separation of powers and the military procurement process.").

20. The government contractor defense results in preemption of Plaintiff's claims and shields AM General from any liability for injuries or death arising from the use of United States military vehicles. *See Boyle*, 487 U.S. at 505-06; *Yearsly*, 309 U.S. at 20-21 ("[I]t is clear that if [the] authority to carry out the project was validly conferred, that is, if what was done was within the constitutional power of Congress, there is no liability on the part of the contractor for executing its will."); *Worcester v. HCA Mgmt. Co.*, 753 F. Supp. 31, 37-38 (D. Mass. 1990) ("The Supreme Court has long held that, pursuant to sovereign immunity, a private company which contracts with the federal government to perform the duties of the government will not be held liable for its actions on behalf of the government.").

21. Pursuant to the United States Supreme Court ruling in *Boyle*, military equipment manufacturers, such as AM General, cannot be held liable under state law for any injuries caused by the equipment they built for the United States military when: (a) the United States approved reasonably precise specifications; (b) the equipment conformed to these specifications; and (c) the equipment supplier warns the military about any hazards involved in the use of the equipment that are known to the equipment supplier but not known to the military. *Boyle*, 487 U.S. at 512. Under the third prong of *Boyle*, contractors need to warn only of dangers in equipment use "about which the contractor knew, but the United States did not." *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 1101 (7th Cir. 1996); *Hicks v. Boeing Company*, No. 13-cv-393, 2014 WL 1051748, at *5 (D. Del. Mar. 17, 2014).

22. If it is deemed to be a proper party, AM General can prove that it followed detailed instructions and specifications provided by the United States military, including the United States

Army, the services it performed conformed to those instructions and specifications, and that it had no further information regarding alleged hazards than the United States Government.

23. Here, AM General has satisfied all of the requirements and is therefore entitled to invoke the federal officer removal provision. *See Papp*, 842 F.3d at 814-15 ("At the removal stage, Boeing needed only show that its asserted *Boyle* defense was "colorable," which is to say that the defense was "legitimate and [could] reasonably be asserted, given the facts presented and the current law."). AM General assembled 2-1/2-ton and 5-ton trucks — like the one allegedly at issue in this lawsuit — for the United States military pursuant to specifications provided by the United States Government. AM General was acting under the direction of agents and officers of the United States military within the meaning of 28 U.S.C. § 1442(a)(1) in producing vehicles for the United States military as well as any manuals and labels that accompanied those vehicles. And, a causal nexus exists between Plaintiff's claims in this action and the acts taken by AM General under the direction of federal officers. Plaintiff's claims against AM General purportedly arise from Mr. MacNeil's exposure to military vehicles that AM General allegedly produced. Military vehicles like the ones allegedly at issue were designed and assembled under strict government control and pursuant to precise specifications that were provided by, scrutinized by and/or revised by, and in all cases approved by, the United States military. The actions of AM General are inseparable from the government specifications, regulations and oversight, and a clear causal nexus exists between Plaintiff's claims and the acts performed under color of the federal office. *See Boyle*, 487 U.S. at 504-506.

24. Whether Plaintiff has stated a cause of action under which a military contractor can be liable or whether such claims are preempted is a uniquely federal issue that invokes this Court's jurisdiction pursuant to § 1331. *See Boyle*, 487 U.S. at 505. Thus, AM General is also entitled to

remove this case on the basis of federal question pursuant to § 1331 because Plaintiff's claims arise under the laws of the United States, as explained in *Yearsly* and *Boyle*.

### III. STANDARD TO BE APPLIED

25. The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow interpretation of § 1442(a)(1). *Willingham v. Morgan*, 395 U.S. 402, 405 (1969); *Cuomo v. Crane Co.*, 771 F.3d 113, 115 (2d Cir. 2014). A colorable defense need not be proven at this state of the litigation due to the broad removal right the statute creates. *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 777 (E.D. Pa. 2010).

26. "While the Court must require that the facts identified by the defendant support the federal defense, the Court is not called upon at this preliminary stage to pierce the pleadings or dissect the facts stated. Nor is the Court's function at this stage to determine credibility, weigh the quantum of evidence or discredit the source of the defense. . . . It is the sufficiency of the facts stated—not the weight of the proof presented—that matters. . . . Thus, the Court concludes that a defense is colorable for purposes of determining jurisdiction under Section 1442(a)(1) if the defendant asserting it identifies facts which, viewed in the light most favorable to the defendant, would establish a complete defense at trial." *Hagen*, 739 F. Supp. 2d at 782-83 (emphasis added). Here, AM General identifies facts that establish the applicability of the government contractor defense and entitle it to invoke the federal officer removal provision.

### IV. REMOVAL IS TIMELY

27. AM General's receipt of the Complaint on May 24, 2019 served as its first notice that this is a civil action that may be removed pursuant to 28 U.S.C. § 1442(a)(1), the federal officer removal statute, and 28 U.S.C. § 1331, because the Complaint contains claims involving a federal question. *See Garban v. U.S.*, 2014 WL 2721440 at *1-2 (M.D.Pa. June 16, 2014).

28. Accordingly, the filing of this Notice of Removal is timely under 28 U.S.C. § 1446(b), which provides that the notice of removal shall be filed within thirty (30) days after receipt by the defendant, by service, of a paper from which it may first be ascertained that the case is one that is or has become removable. 28 U.S.C. § 1446(b); *see also Foster v. Mutual Fire Marine & Island Ins. Co.*, 986 F.2d 48, 54 (3d Cir. 1993).

## V. RESERVATION OF RIGHTS

29. Should Plaintiff file a Motion to Remand in this case, AM General reserves the right to respond more fully in writing, including the submission of affidavits and authorities.

30. AM General reserves the right to amend or supplement this Notice of Removal.

31. AM General reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

32. A copy of AM General LLC's Notice of Filing Notice of Removal is being filed in the state court action, a copy of which is attached as Exhibit 8 (without exhibits).

33. Because this Court is the United States District Court for the district and division embracing the place where the State Court Action was filed, it is the appropriate court for removal under 28 U.S.C. § 1446(a).

WHEREFORE, Defendant AM General, LLC, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, requests removal of this action from the Middlesex County Superior Court of the Commonwealth Court of Massachusetts.

                Respectfully submitted,

                AM General LLC
                By its attorneys,

                */s/ Patricia A. Hartnett*
                Patricia A. Hartnett, BBO #568206
                phartnett@cornellgollub.com

|  |  |
|---|---|
| Dated: June 24, 2019 | CORNELL & GOLLUB<br>88 Broad Street, 6th Floor<br>Boston, MA 02110<br>Telephone: (617) 482-8100<br>Facsimile: (617) 482-3917 |

CERTIFICATE OF SERVICE

      I, Patricia A. Hartnett, attorney for defendant AM General LLC, hereby certify that on the 24th day of June, 2019, a true copy of the foregoing Notice of Removal will be filed through the ECF System and sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be served by first-class mail, postage prepaid, upon anyone indicated as a non-registered participant and to:

Andrew S. Wainwright, Esq.
Thornton Law Firm LLP
One Lincoln Street, 25th Floor
Boston, MA 02111

                                                  *Patricia A. Hartnett*
                                                  Patricia A. Hartnett